**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

| | |
|---|---|
| EMANUEL C.,[1] | : Case No. 3:25-cv-00125 |
| | : |
| Plaintiff, | : |
| | : |
| vs. | : District Judge Thomas M. Rose |
| | : Magistrate Judge Peter B. Silvain, Jr. |
| COMMISSIONER OF THE SOCIAL | : |
| SECURITY ADMINISTRATION, | : |
| | : |
| Defendant. | : |

**REPORT AND RECOMMENDATIONS[2]**

This matter is before the Court for review of Plaintiff Emanuel C.'s claim challenging the Social Security Administration's denial of his application for Supplemental Security Income (SSI). This case is before the Court upon Plaintiff's Statement of Errors (Doc. #10), the Commissioner's Memorandum in Opposition (Doc. #13), Plaintiff's Reply (Doc. #14), and the administrative record (Doc. #7).

**I.     Background**

The Social Security Administration provides Supplemental Security Income to individuals who are under a "disability," among other eligibility requirements. *Bowen v. City of New York,* 476 U.S. 467, 470 (1986); *see* 42 U.S.C. § 1382(a).  The term "disability" encompasses "any medically determinable physical or mental impairment" that precludes an applicant from

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to plaintiffs only by their first names and last initials. *See also* S.D. Ohio General Rule 22-01.

[2] Attached is a NOTICE to the parties regarding objections to this Report and Recommendations.

performing "substantial gainful activity." 42 U.S.C. § 1382c(a)(3)(A); *see Bowen,* 476 U.S. at 469-70.

In the present case, Plaintiff filed an application for SSI on June 27, 2022, due to several impairments, including a "plate and 12 screws in left shoulder, two screws in hips to keep them together, stent in heart, mental issues, PTSD, bipolar, anxiety and mild schizophrenia." (Doc. #7-6, *PageID* #307). After Plaintiff's application was denied initially and upon reconsideration, he requested and received a hearing before Administrative Law Judge (ALJ) Stuart Adkins on November 29, 2023.  Thereafter ALJ Adkins issued a written decision, addressing each of the five sequential steps set forth in the Social Security Regulations.  *See* 20 C.F.R. § 416.920.  He reached the following main conclusions:

Step 1: Plaintiff has not engaged in substantial gainful employment since June 27, 2022, the application date.

Step 2: He has the severe impairments of PTSD; anxiety disorders (social anxiety and generalized anxiety); affective disorder(s) (e.g., depression versus bipolar disorder versus schizoaffective disorder); residuals of vehicle/pedestrian accident; degenerative disc disease (cervical spine); osteoarthritis (back); and avascular necrosis (bilateral hips).

Step 3: He does not have an impairment or combination of impairments that meets or equals the severity of one in the Commissioner's Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1.

Step 4: His residual functional capacity (RFC), or the most he could do despite his impairments, *see Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 239 (6th Cir. 2002), consists of "light work, … being able to lift and/or carry 20 pounds occasionally and 10 pounds frequently; he can stand and/or walk for about 4 hours and sit for about 6 hours in an 8-hour workday; he can frequently push and/or pull with the left upper extremity; he can occasionally climb ladders, ropes, and scaffolds, and crawl; he can frequently climb ramps and stairs, stoop, kneel, and crouch; he can frequently reach overhead with the left upper extremity; he should avoid unprotected heights and dangerous machinery; he can perform tasks but not

at a production rate pace or that have a requirement for strict performance quotas; he is limited to occasional superficial contact with coworkers and supervisors with "superficial contact" defined as retaining the ability to receive simple instructions, ask simple questions, and receive performance appraisals but as lacking the ability to engage in more complex social interactions such as persuading other people or rendering advice; he can have no interaction with the general public; and he can tolerate occasional changes to a routine work setting defined as 1-2 per week."

He is unable to perform his past relevant work.

Step 5:    Considering his age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform.

(Doc. #7-2, *PageID* #s 45-54). Based on these findings, the ALJ concluded that Plaintiff has not been under a benefits-qualifying disability since June 27, 2022, the date the application was filed. *Id.* at 54-55.

The evidence of record is adequately summarized in the ALJ's decision (Doc. #7-2, *PageID* #s 40-61), Plaintiff's Statement of Errors (Doc. #10), the Commissioner's Memorandum in Opposition (Doc. #13), and Plaintiff's Reply (Doc. #14). To the extent that additional facts are relevant, they will be summarized in the discussion section below.

## II.    **Standard of Review**

Judicial review of an ALJ's decision is limited to whether the ALJ's findings are supported by substantial evidence and whether the ALJ applied the correct legal standards. *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); *see Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 745-46 (6th Cir. 2007). Substantial evidence is such "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014) (citing *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)). It is

"less than a preponderance but more than a scintilla." *Id.*

The second judicial inquiry—reviewing the correctness of the ALJ's legal analysis—may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). Under this review, "a decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746 (citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546-47 (6th Cir. 2004)).

## III. <u>Discussion</u>

Plaintiff asserts that the ALJ's decision is not supported by substantial evidence because the ALJ did not discuss substantial portions of the medical evidence demonstrating severe and ongoing mental health impairments, notably auditory and visual hallucinations, persecutory delusions, isolation, and paranoia. (Doc. #10, *PageID* #s 2937-40). Further, Plaintiff contends that remand is required in this case because the vocational expert (VE) addressed a different hypothetical than the RFC in the ALJ's decision and the ALJ nonetheless relied on that testimony at Step Five. *Id.* at 2941-44.

### A. The ALJ's Evaluation of Plaintiff's Mental Residual Functional Capacity

Plaintiff argues that the ALJ's decision is not supported by substantial evidence as he did not discuss Plaintiff's hallucinations, delusions, paranoia, and isolation. (Doc. #10, *PageID* #2939).

An individual's RFC "is the most [he] can still do despite [his] limitations." 20 C.F.R. § 416.945(a)(1); *see also Poe v. Comm'r of Soc. Sec.*, 342 F. App'x 149, 155 (6th Cir. 2009). The

Social Security regulations, rulings, and Sixth Circuit precedent provide that the ALJ is charged with the final responsibility in determining a claimant's RFC. *See, e.g.*, 20 C.F.R. § 416.927(d)(2) (the final responsibility for deciding the residual functional capacity "is reserved to the Commissioner"); 20 C.F.R. § 416.946(c) (if the claimant's case is at the ALJ hearing level, the ALJ is responsible for assessing his RFC); *Coldiron v. Comm'r of Soc. Sec.*, 391 F. App'x 435, 439 (6th Cir. 2010) ("The Social Security Act instructs that the ALJ—not a physician—ultimately determines a claimant's RFC."). The ALJ's RFC assessment must be based on all the relevant evidence in the case record. 20 C.F.R. § 416.945(a). Further substantial evidence must support the ALJ's RFC findings. *Berry v. Astrue*, No. 1:09CV000411, 2010 WL 3730983, at *8 (S.D. Ohio June 18, 2010) (Hogan, M.J.).

In formulating Plaintiff's mental RFC, the ALJ considered the opinions of the state agency consulting psychologists, Robyn Murray-Hoffman, Psy.D., and Aracelis Rivera, Psy.D., and found their opinions "largely persuasive" and "mostly adopted" their assessments.  (Doc. #7-2, *PageID* #53) (citing to Doc. #7-3, *PageID* #s 103-11, 115-23). Despite this, ALJ Adkins failed to engage with or mention the state agency consulting psychologists' reports of hallucinations and delusions, or to explain why he declined to include these reports while formulating Plaintiff's RFC.

Dr. Murray-Hoffman and Dr. Rivera found mild impairment in the "B Criteria" area of understanding, remembering, or applying information. (Doc. #7-3, *PageID* #s 105, 117).  They found moderate impairment in the areas of interacting with others; concentrating, persisting, or maintaining pace; and adapting or managing oneself.  *Id.*  In terms of functional limitations, Dr. Murray-Hoffman and Dr. Rivera opined that Plaintiff is capable of carrying out simple and complex tasks without production or quota driven performance requirements; he is capable of brief

and superficial interaction with others, but should avoid negotiation or conflict resolution due to his disheveled appearance, visual hallucinations, persecutory delusions; and he is capable of adapting to minor and occasional changes in routine. *Id.* at 109-10, 121-22.

The ALJ also considered the mental health opinion of Nurse Practitioner Donna Blankenship, finding it to be "persuasive" and noting the opinion is consistent with state agency assessments and objective clinical findings on mental status examination.  (Doc. #7-2, *PageID* #53).  The ALJ noted that Blankenship specializes in psychiatric nursing and treats Plaintiff for his mental health impairments on an outpatient basis.  *Id.* at 46.  The ALJ also recognized that Plaintiff "reported that he rarely leaves his apartment due to anxiety and he sees shadows out of the corner of his eye" (i*d.* at 47) (internal citation omitted), and further mentions, in passing, that

> [Plaintiff] started hearing voices a few years ago after his accident. He hears the voices when he is around other people—the voices talk about him or say things about him. At first, he thought it was the people around him talking, but at some point, he realized it was not the other people talking and that it was voices in his head. The voices only occur when he is around groups of unfamiliar people.

*Id.* at 51. The ALJ does not discuss or analyze these reports further.

When formulating Plaintiff's RFC or elsewhere in his opinion, the ALJ failed to mention or engage with Plaintiff's regular complaints of auditory hallucinations (Doc. #7-7, *PageID* #s 722, 737, 813, 824, 827); (Doc. #7-12, *PageID* #s 1474, 1485, 1496, 1511), visual hallucinations (Doc. #7-7, *PageID* #s 803, 813) (Doc. #7-12, *PageID* #s 1474, 1485) (Doc. #7-13, *PageID* #s 1548, 1581) (Doc. #7-14, *PageID* #s 1684, 1732, 1768, 1798), and persecutory delusions (Doc. #7-7, *PageID* #s 737, 748, 759, 770, 792, 803, 813) (Doc. #7-12, *PageID* #s 1474, 1485, 1496) (Doc. #7-13, *PageID* #s 1548, 1559, 1570, 1581). Even when there is substantial evidence supporting an ALJ's decision, a court cannot uphold the decision where "the reasons given by the

trier of fact do not build an accurate and logical bridge between the evidence and the result." *Fleischer v. Astrue*, 774 F.Supp. 2d 875, 877 (N.D. Ohio 2011). By failing to engage with the evidence of Plaintiff's hallucinations and delusions, the ALJ has failed to "meet [the] minimum levels of articulation" necessary to avoid "frustrat[ing] [the] court's ability to determine whether [the plaintiff's] disability determination was supported by substantial evidence." *Warren I. v. Comm'r of Soc. Sec.*, No. 5:20-CV-495 (ATB), 2021 WL 860506, at *8 (N.D.N.Y. Mar. 8, 2021) (quoting 82 Fed. Reg. 5844-01, 5858 (January 18, 2017)).

Further, "[i]nstead of conducting a thorough analysis of the medical evidence concerning Plaintiff's mental health, 'the ALJ cherrypicked select portions of the medical record to discredit' Plaintiff's mental health concerns." *Picone v. Comm'r of SSA*, No. 5:22-CV-1339, 2024 WL 1325934 (N.D. Ohio March 28, 2024) (quoting *Minor v. Commissioner of Social Security*, 513 F. App'x 417, 435 (6th Cir. 2013) (finding that the ALJ's decision was not supported by substantial evidence because the ALJ failed to mention or analyze relevant evidence in the record, necessitating remand)). For example, before contemplating Plaintiff's RFC and while determining whether Plaintiff had severe impairments, the ALJ briefly states that Blankenship reported no hallucinations "less than one year" after filing an application for benefits—offering May 2023 as an example and citing specifically to September 2023. (Doc. #7-2, *PageID* #46–47). Apart from this mention, the ALJ does not discuss Plaintiff's reports of auditory and visual hallucinations at this step of his analysis, nor does he mention that only a short time later, beginning in October 2023 and in the same reports referenced by the ALJ, Blankenship reports abnormal or psychotic thoughts, including visual hallucinations. (Doc. #7-14, *PageID* #s 1768, 1798). "Disregarding medical evidence from Plaintiff's treatment providers is 'not harmless because [it] effectively

resulted in the ALJ's disregard of a substantial body of medical evidence' that may support a finding that Plaintiff is disabled." *Id.* at \*6 (quoting *Gentry v. Commissioner of Social Sec.*, 741 F.3d 708, 729 (6th Cir. 2014)).

The ALJ's failure to mention this relevant evidence in the record or adequately "build a logical bridge" through minimal levels of articulated analysis, in accordance with agency regulations and controlling case law, indicates that his decision is not supported by substantial evidence, and thus, the undersigned recommends remand.[3]

### B. Remand

A remand is appropriate when the ALJ's decision is unsupported by substantial evidence or when the ALJ failed to follow the Administration's own regulations and that shortcoming prejudiced the plaintiff on the merits or deprived the plaintiff of a substantial right. *Bowen*, 478 F.3d at 746. Remand may be warranted when the ALJ failed to provide "good reasons" for rejecting a treating medical source's opinions, *see Wilson*, 378 F.3d at 545-47; failed to consider certain evidence, such as a treating source's opinions, *see Bowen*, 478 F.3d at 747-50; failed to consider the combined effect of the plaintiff's impairments, *see Gentry*, 741 F.3d at 725-26; or failed to provide specific reasons supported by substantial evidence for finding the plaintiff lacks credibility, *see Rogers*, 486 F.3d at 249.

Under sentence four of 42 U.S.C. § 405(g), the Court has authority to affirm, modify, or reverse the Commissioner's decision "with or without remanding the cause for rehearing." *Melkonyan v. Sullivan*, 501 U.S. 89, 99 (1991). Consequently, a remand under sentence four may

---

[3] In light of the above discussion, and the resulting need to remand this case, an in-depth analysis of Plaintiff's other challenges to the ALJ's decision is unwarranted.

result in the need for further proceedings or an immediate award of benefits. *E.g., Blakley*, 581 F.3d at 410; *Felisky v. Bowen*, 35 F.3d 1027, 1041 (6th Cir. 1994). The latter is warranted where the evidence of disability is overwhelming or where the evidence of disability is strong while contrary evidence is lacking. *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994).

A judicial award of benefits is unwarranted in the present case because the evidence of disability is not overwhelming and the evidence of disability is not strong while contrary evidence is lacking. However, Plaintiff is entitled to a remand to the Social Security Administration pursuant to sentence four of § 405(g) due to the problems discussed above. On remand, the ALJ should be directed to evaluate the evidence of record, including the medical source opinions, under the applicable legal criteria mandated by the Commissioner's Regulations and Rulings and by case law; and to evaluate Plaintiff's disability claim under the required five-step sequential analysis to determine anew whether Plaintiff was under a disability and whether his application for SSI should be granted.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Plaintiff's Statement of Errors (Doc. #10) be **SUSTAINED;**

2. The Commissioner's non-disability finding be vacated;

3. No finding be made as to whether Plaintiff was under a "disability" within the meaning of the Social Security Act;

4. This matter be **REMANDED** to the Social Security Administration under sentence four of 42 U.S.C. § 405(g) for further consideration consistent with this Decision and Entry; and

5. The case be terminated on the Court's docket.

July 22, 2026

*s/ Peter B. Silvain, Jr.*
Peter B. Silvain, Jr.
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F).  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947, 949-50 (6th Cir. 1981).